UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-200 (SRN/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Daniel Berglund, | |
| Defendant. | |

---

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Rick E. Mattox, Mattox Law Office, 16670 Franklin Trail Southeast, Suite 250, Prior Lake, MN 55372 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Daniel Berglund's Motion to Suppress Statements, Admissions and Answers (ECF No. 23) and Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. 24). These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable Susan Richard Nelson, District Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. A hearing was held on December 11, 2020. (ECF No. 32.) At the hearing, Defendant stated that he was seeking a four-corners review of the federal search warrant executed at his residence in Cottage Grove, Minnesota in May of 2018 (hereinafter "Search Warrant"). The Court received into evidence Government Exhibit 1, the Search Warrant. The parties elected to rest on their arguments and submissions, and the motion

1

was taken under advisement at the conclusion of the hearing. Based upon all the files, records, and proceedings herein, along with the evidence presented, the undersigned recommends that Defendant's motions be denied.

## I. BACKGROUND

Defendant is charged via indictment with four counts of tax evasion in violation of 26 U.S.C. § 7201. As part of the investigation, a Search Warrant was executed at Defendant's residence, seeking records, documents, material, and data related to Defendant's taxes, finances, and business. (*See* Attach. B of Search Warrant, Gov't's Ex. 1 at 5-7, ECF No. 31.) The affidavit in support of the Search Warrant was prepared by Internal Revenue Service ("IRS") Special Agent Frederic Sederholm ("SA Sederholm"). (*See* Affidavit of Fredric Sederholm ("Sederholm Aff."), Gov't's Ex. 1 at 16-42.)[1]

SA Sederholm has been employed by the IRS's Criminal Investigation Division since September 2014, where his duties "include the investigation of possible criminal violations of the Internal Revenue Laws . . . Money Laundering Statutes . . . and related offenses against the United States." (Sederholm Aff. ¶ 1.) Prior to becoming a Special Agent, SA Sederholm received his Bachelor of Business Administration and Juris Doctorate degrees, passed the Minnesota State Bar examination, and was employed by the IRS in other capacities. (*Id.* ¶2.) He has graduated from the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the Special Agent Investigative Techniques program at the National Criminal Investigation Training

---

[1] Though there are page numbers listed on SA Sederholm's affidavit the Court is using the ECF pagination for clarity.

2

Academy. (*Id.*) He has "personally led, assisted, and participated in numerous search warrants involving financial and tax related crimes." (*Id.*)

SA Sederholm's affidavit detailed the investigation preceding the application for the Search Warrant. (*See generally id.* ¶¶ 5-51.) This included "[SA Sederholm's] personal observations; the observations of other law enforcement officers; consultations with other federal, state and/or county employees; data summary sheets prepared by analysts; review of official government reports and databases; and the analysis of tax documents and accompanying forms and schedules." (*Id.* ¶ 5.)

SA Sederholm's 27-page affidavit discussed the following topics, in part: (1) Defendant's history of failing to file and pay taxes (*id.* ¶¶ 7-22); (2) Defendant's company, Faith Software, and his provision of a fake Employee Identification Number ("EIN") to Faith Software's clients (*see id.* ¶¶ 23-26); (3) Defendant's failure to file tax returns for tax years 2011 through 2017 (*id.* ¶¶ 32-36); a review of Defendant's bank accounts (*id.* ¶¶ 37-39); and a review of Defendant's state income taxes (*id.* ¶ 40). SA Sederholm confirmed Defendant's residential address. (*See id.* ¶¶ 43-44.) SA Sederholm also completed trash pulls at the curb of Defendant's residence, where he found what he believed to be items relevant to his investigation, including discarded tax documents with the fictious EIN, invoices for Faith Software, cash withdrawal receipts, and a computer hard drive that contained additional invoices for Faith Software. (*See id.* ¶¶ 45-46.) SA Sederholm stated that, based on his training and experience, there would be additional records similar to those already recovered in the trash pulls within Defendant's residence. (*Id.* ¶ 46.) SA Sederholm also stated that, based on his training and experience, it was likely that

Defendant had "obtained a new computer or hard drive to replace the hard drive that was discovered in his discarded trash." (*Id.*) The affidavit further provided reasoning for searching computers and other electronic devices found within Defendant's residence. (*See id.* ¶¶ 47-51.)

Separate and apart from the Search Warrant, and prior to this criminal investigation, IRS investigators obtained a writ to enter Defendant's residence. (*See* Government's Consolidated, Pre-Hearing Response to Defendant's Pretrial Motions ("Gov't's Consol. Resp.") at 3, ECF No. 29; *see also* Sederholm Aff. ¶¶ 31, 42.) This entry into Defendant's residence was for purposes of civil collection efforts on a tax debt owed unrelated to the current charges. (*See* Govt's Consol. Resp. at 3; *see also* Sederholm Aff. ¶¶ 31, 42.)

## II. ANALYSIS

Defendant has filed motions seeking suppression of: (1) statements, admissions, and answers he made before, at the time of, or subsequent to his arrests; and (2) physical evidence obtained "because of a search and seizure." (ECF No. 24 at 1.) The Government opposes each motion.

### A. Motion to Suppress Statements

Defendant filed a broad and generic motion seeking suppression of "all statements, admissions and answers [he] made . . . before, at the time of, and subsequent to [his] arrests." (ECF No. 23 at 1.) The Government stated in its briefing, and reiterated at the hearing, that law enforcement did not interview Defendant "in the context of this investigation, in either a custodial or non-custodial setting." (Govt's Consol. Resp. at 2.)

4

Defendant acknowledged during the hearing that he was never interviewed by the Government in a custodial setting, and thus this motion is moot. The parties agreed on the record that Defendant was never interviewed in a custodial setting, and Defendant does not challenge any particular statement made to the Government. In addition, the record is devoid of any custodial or non-custodial statement made by Defendant. Based on the foregoing, the Court recommends that this motion be denied.

### B. Motion to Suppress the Search Warrant

Similarly, Defendant filed a broad and generic motion seeking suppression of evidence "because of search and seizure." (ECF No. 24 at 1.) At the hearing, Defendant made a general request for a four-corners review of the Search Warrant executed at his residence in May of 2018. He cited no specific deficiency with SA Sederholm's affidavit or basis for his challenge of the Search Warrant.[2]  Defendant likewise provided no further briefing in support of his motion and rested on his request for a four-corners review of the Search Warrant at the hearing.

Requests to suppress evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." *United States v. Harken*, 641 F. App'x 638, 639 (8th Cir. 2016) (per curiam) (quoting Fed. R. Crim. P. 12(b)(3)); *see* Fed. R. Crim. P. 12(b)(3)(C) (motions to suppress); *see also* D. Minn. LR 12.1(c)(1)(B) ("To the extent practicable, a motion under Fed R.

---

[2] For example, while Defendant's motion asserts "[t]hat the searches and seizures were based upon generalized and boilerplate language lacking in supportable probable cause," (ECF No. 24 at 1), he has not identified what or how the language was purportedly deficient. Likewise, while Defendant's motion asserts that "any searches and seizures exceeded the scope of probable cause," (ECF No. 24 at 1), he has not identified how the "searches and seizures" exceeded the scope.

Crim. P. 12(b) to suppress evidence must identify that evidence and the nature of the challenge."). This rule "applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion." *Harken*, 641 F. App'x at 639 (quotation omitted); *see also, e.g.*, *United States v. Spotted Elk*, 548 F.3d 641, 656 (8th Cir. 2008). "At minimum, it is defendant's burden to come forth with some evidence and argument to support his position that evidence, statements or a witness identification should be suppressed." *United States v. Rosetter*, No. 10-cr-83 (JNE/JSM), 2010 WL 5184991, at *23 (D. Minn. Oct. 1, 2010), *report and recommendation adopted*, 2010 WL 5173155 (D. Minn. Dec. 13, 2010); *accord United States v. Edwards*, 563 F. Supp. 2d 977, 994 (D. Minn. 2008) ("At the end of the day, as the moving party, at a minimum it is defendant's burden to come forth with some evidence and argument to support his position that evidence, statements or a witness identification should be suppressed."); *see also Carter v. United States*, 729 F.2d 935, 940 (8th Cir. 1984) ("As a general rule, the burden of proof is on the defendant who seeks to suppress evidence . . . ."). "[E]ven in those circumstances where the Government has the ultimate burden of persuasion, Defendant has the initial burden of making a prima facie showing of illegality." *United States v. Starks*, 193 F.R.D. 624, 628 (D. Minn. 2000) (citation omitted). "Failure to provide the Court with any support for the motion is sufficient basis for denial of the motion." *Rosetter*, 2010 WL 5184991, at *23. Defendant's failure to specify the basis for his suppression motion and provide any argument in support thereof warrants denial alone.

Defendant's motion also fails because there was ample probable cause to issue the Search Warrant. The Fourth Amendment guarantees the "right of the people to be secure

6

in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment requires that search warrants be based on probable cause." *United States v. Tripp*, 370 F. App'x 753, 757 (8th Cir. 2010) (citation omitted). "If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established." *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008) (quotation omitted); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [him], . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."). The sufficiency of the affidavit is evaluated using a totality-of-the-circumstances approach. *United States v. Augustine*, 663 F.3d 367, 372 (8th Cir. 2011). "Judges 'may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant.'" *United States v. Daigle*, 947 F.3d 1076, 1081 (8th Cir. 2020) (quoting *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000)). "Probable cause requires only a showing of fair probability, not hard certainties." *Hudspeth*, 525 F.3d at 676 (citing *Gates*, 426 U.S. at 213).

> When the issuing court relies solely on an affidavit to establish probable cause, only the information found within the four corners of the affidavit may be considered. The affidavit must provide the issuing court with a substantial basis to support a finding of probable cause; wholly conclusory statements that the affiant "has cause to suspect and does believe that" illegal activity is occurring will not do. The affidavit for a search

7

>     warrant should be examined using a common-sense, non-
>     technical approach.

*Tripp*, 370 F. App'x at 757 (internal quotations and citations omitted). "A reviewing court should afford great deference to the probable cause determination of the issuing judge." *Id.* (citing *Hudspeth*, 525 F.3d at 674).

Based on SA Sederholm's affidavit, the Court concludes there was sufficient probable cause to search Defendant's residence. In his lengthy, detailed affidavit, SA Sederholm described his training and experience in the investigation of financial and tax-related crimes; provided a complete history of the investigation; and indicated his determination, based on his training and experience, that there would be further evidence of tax-related criminal activity found within Defendant's residence, including within Defendant's computers and other electronic devices.

Defendant also challenges an IRS writ executed at Defendant's residence prior to this criminal investigation. (*See* Govt's Consol. Resp. at 3.) At the hearing, the parties agreed on the record that this administrative search was pursuant to a writ of entry for the purpose of finding assets as part of a civil collection effort related to taxes owed in years outside of the tax years in dispute in this case. Even when directly asked by the Court, Defendant provided no legal basis for challenging the administrative search conducted pursuant to the writ. Again, the failure to provide the Court with any legal basis, evidence, or argument for suppression is sufficient basis to recommend such a motion to be denied. *See Rosetter*, 2010 WL 5184991, at *23.

Based on the foregoing review of the Search Warrant affidavit and noting again the absence of any argument explaining any purported deficiencies of the Search Warrant, the Court recommends this motion be denied as to evidence obtained pursuant to the Search Warrant. Likewise, based on Defendant's failure to state any legal basis for challenging the administrative search conducted prior to this investigation, the Court further recommends this motion be denied as to evidence obtained pursuant to the writ.

[continues on next page]

## III. RECOMMENDATION

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Statements, Admissions and Answers (ECF No. 23) be **DENIED**.

2. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. 24) be **DENIED**.

Date: January  7 , 2021                    *s/Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *United States v. Berglund*
                                           Case No. 20-cr-200 (SRN/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.