# UNITED STATE DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                              Case No. 20-cr-200 (SRN/TNL)

         Plaintiff,

v.                                                     **ORDER**

Daniel Berglund,

         Defendant.

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Rick E. Mattox, Mattox Law Office, 16670 Franklin Trail Southeast, Suite 250, Prior Lake, MN 55372 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 15);

2. Defendant's Federal Rule of Criminal Procedure 16(B) [sic] Disclosures (ECF No. 17);

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 18);

4. Defendant's Motion for Disclosure of Exculpatory Evidence (ECF No. 19);

5. Defendant's Motion for Pretrial Disclosure of 404 Evidence and Barring of Same (ECF No. 20);

6. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 21); and

1

7.   Defendant's Motion to Compel Production of *Giglio* Material (ECF No. 22).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1.     The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 15), is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses.  There was no objection by Defendant to the Government's motion, including to the Government's proposed deadlines for the disclosure of expert witnesses.

Consistent with the Government's proposal (*see* ECF No. 15 at 2), no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.     Defendant's Federal Rule of Criminal Procedure 16(B) [sic] Disclosures (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**.

This filing appeared to be a disclosure that the United States had previously seized items from Defendant's residence in 2017 and "[a]ny remaining books, papers, documents, photographs, tangible objects, or copies or portions thereof, within the possession, custody, or control of [Defendant] were destroyed following the dissolution of [Defendant's] marriage and his leaving the marital residence."  (ECF No. 17 at 1.)  The Government noted in its Consolidated Response that it did not appear Defendant moved for Rule 16 discovery.

(Government's Consolidated, Pre-Hearing Response to Defendant's Pretrial Motions ("Gov't's Consol. Resp.") at 3, ECF No. 29.)

At the hearing, Defendant clarified for the record he intended this filing to be construed as a motion to disclose under Federal Rule of Criminal Procedure 16 as opposed to a statement of his disclosures.  Defendant stated he had received significant discovery from the Government and had no objection to the Government's Consolidated Response. The Government did not object to the Court construing this document as a motion for disclosure under Rule 16 and reiterated it had made its initial Rule 16 disclosures and would continue to supplement those disclosures as required by Rule 16.  (*See also* Gov't's Consol. Resp. at 3-4.)

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced.  Further, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

3.    Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 18), Defendant's Motion for Disclosure of Exculpatory Evidence (ECF No. 19), and Defendant's Motion to Compel Production of *Giglio* Material (ECF No. 22) are **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  (ECF No. 18 at 1; ECF No. 19 at 1; ECF No. 21 at 1.)  This includes information, including statements, regarding any unindicted witnesses, non-witnesses, and prospective witnesses. (ECF No. 18 at 2.)  The Government responds it will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny, and will "promptly" turn over any additional evidence favorable to Defendant, including exculpatory and impeachment evidence, that comes to its attention prior to trial. (Gov't's Consol. Resp. at 4.)  The Government objects to Defendant's motions to the extent they go beyond case law and statutory law.  (*Id.*)

 "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'"  *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).  "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-

examination." *Sigillito*, 759 F.3d at 930 (quotation omitted).  The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).  "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motions and request for information, including statements, regarding unindicted alleged witnesses, non-witnesses, and prospective witnesses is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  While the Court is not ordering

the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998), the Court encourages the parties to disclose such materials no later than three business days before trial. (*See also infra* ¶ 5.)

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924.

4.      Defendant's Motion for Pretrial Disclosure of 404 Evidence and Barring of Same (ECF No. 20) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests immediate disclosure of evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b), including the identity of the witnesses through whom such evidence will be presented. (ECF No. 20 at 1.) The Government, while acknowledging its obligations under Rule 404(b), objects to immediate disclosure, and instead proposes making its notifications 14 days before trial. (Gov't's Consol. Resp. at 4-5.) The Government also requests that this order be "strictly drawn to require no more than what is encompassed by Rule 404(b)." (*Id.* at 5.) At the hearing, Defendant agreed to the Government's proposal of disclosure of Rule 404(b) evidence 14 days prior to trial.

Defendant also requests the Court bar the Government from using 404(b) evidence because of its "staleness" and "remoteness." (ECF No. 20 at 1.) The Government argues that this request is premature and the admissibility of any proposed 404(b) evidence should be addressed by the trial court judge. (Gov't's Consol. Resp. at 5-6.)

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

7

5.     Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 21) is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials at least two weeks prior to the commencement of trial.  (ECF No. 21 at 1.) While the Government objects to any Court-ordered early disclosure, the Government states that it intends voluntarily provide Jencks Act materials to Defendant no later than three business days prior to trial.  (Gov't's Consol. Resp. at 6.)

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so."  *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).  Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three business days before trial as proposed by the Government.

6.      All prior consistent orders remain in full force and effect.

7.      Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: January __7__, 2021                          _____*s/Tony N. Leung*_____
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   District of Minnesota


                                                   *United States v. Berglund*
                                                   Case No. 20-cr-200 (SRN/TNL)