UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Daniel Berglund,<br><br>Defendant. | Case No. 20-cr-00200 (SRN/TNL)<br><br><br>**ORDER** |

Amber M. Brennan and Matthew S. Ebert, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Rick E. Mattox, 2335 Roosevelt Street Northeast, Minneapolis, MN 55418, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for Continuance of Trial [Doc. No. 41] filed by Defendant Daniel Berglund. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS in part** and **DENIES in part** the motion.

Due to the ongoing COVID-19 pandemic, the State of Minnesota has mandated that individuals must wear face masks while in public places. *See* Emergency Executive Order 20-81. Consistent with guidance from public health officials and as part of the Court's comprehensive plan for mitigating the spread of COVID-19 during judicial proceedings, this Court also requires that participants at trial wear face masks. In his motion, Berglund states that he is opposed to wearing a face mask during his trial, currently scheduled to

1

begin May 13, 2021. Berglund also states that he is opposed to receiving a vaccination for COVID-19. Berglund argues that requiring him to proceed to trial without a mask or a vaccination would expose him to an unreasonable risk of contracting COVID-19, and he therefore moves to continue his trial "until the Governor lifts the face mask mandate for public places when there is general immunity from the COVID virus." (Mot. for a Continuance at 1.)

Although Berglund has not clearly articulated a constitutional basis for continuing trial, the Court finds that proceeding to trial at this time would not violate Berglund's constitutional rights. Courts have repeatedly found that requiring participants at trial to wear face masks due to the COVID-19 pandemic does not violate a criminal defendant's constitutional rights. *See United States v. Tagliaferro*, No. 19-CR-472 (PAC), 2021 WL 1225990 (S.D.N.Y. Mar. 31, 2021); *United States v. James*, No. CR1908019001PCTDLR, 2020 WL 6081501 (D. Ariz. Oct. 15, 2020); *United States v. Trimarco*, No. 17-CR-583 (JMA), 2020 WL 5211051 (E.D.N.Y. Sept. 1, 2020); *United States v. Crittenden*, No. 4:20-CR-7 (CDL), 2020 WL 4917733 (M.D. Ga. Aug. 21, 2020). Courts have specifically upheld requirements that the defendant wear a mask during trial. *E.g.*, *Trimarco*, 2020 WL 5211051, at *6 (finding that the defendant's concern that wearing a mask would prevent the jury from observing his reactions to evidence and make the jury perceive the defendant as "dangerous and nefarious" did not justify continuing the trial, and requiring the defendant to wear a mask during trial). And insofar as Berglund objects to receiving a COVID-19 vaccination, the Court notes that nothing in the Court's COVID-19 Protocol for Jury Trials requires him to receive a vaccine. *See* Protocol for Jury Trials in the District

of Minnesota (Revised Apr. 13, 2021), https://www.mnd.uscourts.gov/sites/mnd/files/Jury-Trial-Draft-Protocol.pdf.

To the extent Berglund argues that conducting his trial at this time would expose him to an unreasonable risk of contracting COVID-19, the Court finds that the risk of contracting COVID-19 does not justify a continuance. The Court has gone to great lengths to protect participants at all in-person judicial proceedings, in consultation with public health experts. *See id.* Moreover, Minnesota has attained a significant vaccination rate: 29% of Minnesotans have received a full course of a COVID-19 vaccine, and 41% have received at least one dose. *See Vaccine Data*, Minn. COVID-19 Response (Apr. 18, 2021), https://mn.gov/covid19/vaccine/data/index.jsp. As the United States District Court for the Southern District of New York recently explained:

> [T]he COVID-19 uncertainties that pervade our society are reasons to accept the status quo as the new normal and move ahead with trial now, as opposed to putting the trial off indefinitely and wishing in earnest for a better future. . . .
>
> To be sure, the Court does not discount the grave risks that COVID-19 presents or the countless lives that have been upended and destroyed by this global pandemic. But neither can the Court discount the extraordinary lengths to which this District has gone to ensure a safe and effective re-opening to the general public. In short, the District's prophylactic measures, refined and reworked in consultation with public health experts, in conjunction with New York's ever-increasing vaccine availability, strongly suggest that Tagliaferro's trial should move forward as planned.

*Tagliaferro*, 2021 WL 1225990, at *6. In light of Minnesota's significant vaccination rate and the Court's extensive efforts to mitigate the risk of spreading COVID-19 during judicial proceedings, the Court finds that the interests of justice would not be served by

3

granting Berglund's request for an indefinite continuance due to the risk of contracting COVID-19.

Nonetheless, the Court will grant a continuance of Berglund's trial. At an April 21, 2021 status conference, counsel for the Government represented that six of its ten witnesses will need to travel from out of state. Due to the risk of contracting COVID-19, two witnesses refuse to travel until they obtain vaccines, and it appears they cannot do so by the trial date. Two other witnesses refuse to travel, but do not intend to obtain vaccines. One witness is elderly, and the other lives with her elderly father. Counsel for the Government represented that continuing trial would improve their ability to obtain these witnesses' presence at trial, or enable the parties to conduct video depositions of the witnesses. Moreover, the Court's Protocol for Jury Trials enables the Court to conduct only two jury trials at a time—one in Minneapolis, and one in St. Paul. Berglund's trial is third in line to begin on May 13, 2021 in St. Paul. The case that is in second position is proceeding to trial, and therefore the Court cannot proceed with Berglund's trial on that date. The Court will reschedule Berglund's trial to begin on October 4, 2021—the next available first-in-line position in St. Paul.

In light of the travel and scheduling challenges presented by the COVID-19 pandemic, the Court finds that the interests of justice would be served by continuing Berglund's trial to October 4, 2021. Moreover, for the reasons addressed in General Order No. 26[1] and the well-documented concerns about COVID-19, the Court specifically finds

---

[1] General Order No. 26 provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address

that the ends of justice served by ordering the continuance outweigh the best interests of the public and the defendant's right to a speedy trial, under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances. Accordingly, the time period between the date of the Indictment in this case (September 15, 2020) and October 4, 2021 will be excluded under the Speedy Trial Act, absent further order of the Court. On or before October 4, 2021, the Court will determine whether to further extend the deadlines and exclude additional time under the Speedy Trial Act.

Accordingly, based on the submissions and the entire file and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant's Motion for Continuance of Trial [Doc. No. 41] is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**


Dated: April 23, 2021                              s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge

---

delays attributable to COVID-19. *See* General Order No. 26 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (February 12, 2021). All General Orders related to the COVID-19 outbreak may be found on the court's website at www.mnd.uscourts.gov.